We granted certiorari review to determine whether the Court of Civil Appeals' affirmance of an award of an attorney fee conflicts with prior decisions of this Court. Because we conclude that it does conflict, we reverse and remand.
 Facts and Procedural History
This appeal concerns the propriety of an award of an attorney fee for counsel representing E.B. McClain, who sued the Alabama State Board of Education ("the Board"), alleging that the Board had arbitrarily and capriciously refused to accept federal funds.
McClain's action concerned the Board's initial decision not to accept federal funds under the "Goals 2000" program. "Goals 2000" is a federally established program under which states are eligible to receive money for improving public education. The program also provided that if a state refused the federal moneys at the state level, local school boards could independently apply for the available moneys if allowed to do so by the state's board of education.
When the Board initially considered accepting the federal funds under the Goals 2000 program, in June 1996, the Board voted not to accept the funds and also to bar local school boards from accepting them. The Board says that it did not initially accept the funds for fear that accepting them would allow the Federal Government to intrude into, and interfere with, the administration of the state and local boards of education.
McClain, a member of the Alabama Legislature, sued on July 26, 1996, following the Board's rejection of the federal funding. In his action, McClain requested that the trial court enjoin the Board from denying the public school systems the opportunity to apply for the federal funds. *Page 775 
On July 31, 1996, Bradley Byrne, a member of the Board, wrote the United States Secretary of Education to determine whether the state's accepting the federal funds would allow the Federal Government to mandate, direct, or control Alabama's educational curriculum. The Secretary responded on August 2, 1996, stating that the legislation providing for the Goals 2000 funding expressly prohibited intrusion by the Federal Government into state and local educational affairs.
After receiving this letter, Byrne moved the Board to schedule a meeting to amend its decision on the Goals 2000 issue. The Board held the meeting on August 22, 1996, and many of the educators who attended argued that the state could not afford to turn down the funding. Subsequently, the Board adopted a resolution allowing Alabama to apply for the Goals 2000 funds.
Following the adoption of the resolution, the Board moved, on October 2, 1996, to dismiss McClain's action, arguing that the issue it presented was moot, that McClain lacked standing to bring the action, and that the complaint failed to state a claim upon which relief could be granted. The trial court denied the motion. On July 6, 1998, the Board moved for a summary judgment. McClain responded to the motion and moved for an award of an attorney fee and costs, or to allow further discovery as to the reasons the board members changed their votes on the Goals 2000 funding. Holding that the issue was moot, the trial court entered a summary judgment in favor of the Board, on April 5, 1999; however, it ordered a hearing on McClain's motion for an attorney fee. After the hearing, the court awarded McClain's counsel a fee of $25,060 and also ordered reimbursement of costs and fees in the amount of $939.94.
The Board appealed the order awarding the attorney fee and costs to the Court of Civil Appeals. That court affirmed the award in a 3-2 opinion released on July 14, 2000. State Board of Education v. McClain,810 So.2d 763 (Ala.Civ.App. 2000). On July 27, 2000, the Board applied for a rehearing and filed a Rule 39(k), Ala.R.App.P., motion asking the court to correct its statement of facts or, in the alternative, to adopt the appellant's statement of facts. The Court of Civil Appeals overruled the application for rehearing and denied the Board's Rule 39(k) motion on September 1, 2000. This Court granted certiorari review.
 Analysis
Typically, Alabama adheres to the "American Rule" in regard to attorney fees; i.e., each party to a lawsuit bears the responsibility of paying its own attorney fee. See Ex parte Horn, 718 So.2d 694 (Ala. 1998); Brownv. State, 565 So.2d 585 (Ala. 1990). One exception to this rule is the "common-benefit exception," under which a plaintiff who has successfully maintained an action that results in a benefit to the general public, in addition to serving the interests of the plaintiff, may recover an attorney fee. Brown, 565 So.2d at 592. In its order awarding the attorney fee and costs, the trial court stated that McClain had "participated in bringing about the result" of the Board's accepting the federal funds for Alabama schools. Therefore, the trial court determined that the award fell within the common-benefit exception.
The Board argues that the trial court's award was improper because it awarded the fee and costs to a party whose action could not properly be maintained because, the Board argues, it violated the sovereign-immunity clause of the Alabama Constitution. Thus, the Board *Page 776 
says, McClain cannot be considered the "prevailing party" in the litigation, because he could not properly have maintained his action against the Board.
Article I, § 14, of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." This Court has recognized "four general categories of actions" not barred by the prohibition of § 14:
 "`(1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act . . . seeking construction of a statute and its application in a given situation.'"
Gunter v. Beasley, 414 So.2d 41, 48 (Ala. 1982) (quoting Ex parteCarter, 395 So.2d 65, 68 (Ala. 1980)).
McClain contends that his action against the Board was not barred by § 14 because, he says, the Board and its members were not performing their legal duties. The duties of the Board with regard to the acceptance of federal funds are outlined in § 16-3-19, Ala. Code 1975, which provides in pertinent part:
 "The State Board of Education may accept for the State of Alabama any appropriation of money for . . . educational purposes which may hereafter be made out of the federal Treasury by any acts of Congress; and the State Board of Education shall be constituted the chief educational authority for the expenditure and administration of any such funds. Said board may make rules and regulations for the expenditure of such funds, such expenditure to be in accordance with the terms of the acts of Congress making such appropriations."
This statute does not mandate that the Board accept all federal funds — it simply makes the acceptance of federal funds a discretionary matter for the Board's consideration. Because the Board's initial decision not to accept the federal funds carried § 14 sovereign immunity, McClain would not have been able to maintain his action in the event the Board had not reversed its decision not to accept the federal funds. Therefore, the Court of Civil Appeals erred in affirming the award of an attorney fee and costs.
We reverse the judgment affirming the award of the attorney fee and costs, and we remand this case to the Court of Civil Appeals for an order consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Houston, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
See and Lyons, JJ., concur in the result.