990 So.2d 366 (2008)
Ex parte ALABAMA DEPARTMENT OF TRANSPORTATION.
(In re Jones Brothers, Inc.; Travelers Casualty and Surety Company of America; and Louana Construction Corporation
v.
Alabama Department of Transportation).
1070288.
Supreme Court of Alabama.
March 7, 2008.
Jim R. Ippolito, Jr., asst. atty. gen. and chief counsel, Alabama Department of Transportation; and Kyle T. Smith and R. Ryan Daugherty, deputy attys. gen., of Sirote & Permutt, Birmingham, for petitioner.
Submitted on petitioner's brief only.
SMITH, Justice.
The Alabama Department of Transportation ("ALDOT") petitions this Court for a writ of mandamus directing the trial *367 court to dismiss the underlying action on the basis of State immunity. We grant the petition and issue the writ.

Facts and Procedural History
In October 2000, Jones Brothers, Inc. ("JBI"), entered into a contract with ALDOT to perform construction on a "flyover bridge" in Hoover ("the contract"). JBI subcontracted with Louana Construction Corporation ("Louana") to perform certain electrical and lighting work required under the contract.
ALDOT eventually rejected some of the work performed by JBI and Louana and, pursuant to the contract, assessed liquidated damages against JBI. According to the petition, ALDOT and JBI entered into a claims-review process specified by the contract. As a result of the claims-review process, a "claims committee" recommended that JBI recover some of the liquidated damages. However, JBI subsequently sued ALDOT, Louana, and Louana's surety, Travelers Casualty and Surety Company of America ("Travelers"), in federal court. JBI, Louana, and Travelers ultimately entered into a settlement agreement, and the federal court action was apparently dismissed.
JBI, Louana, and Travelers (collectively "the plaintiffs") then filed the present action against ALDOT in the Montgomery Circuit Court, seeking contribution, indemnity, and damages for breach of contract. ALDOT filed motions to dismiss, arguing, among other things, that the action was barred by Ala. Const.1901, § 14. ALDOT renewed its motions to dismiss on September 21, 2007. The renewed motion stated, in part:
"8. On July 20, 2007, the Alabama Supreme Court ruled in Ex parte Alabama Department of Transportation, 978 So.2d 17 (Ala.2007) that a complaint naming the Alabama Department of Transportation is improperly filed and does not vest the trial court with subject matter jurisdiction.... The result is that the complaint is due to be dismissed and the Court may not take any other action other than `to exercise its power to dismiss the action....'
"9. Identical to the complaint filed in Ex parte Alabama Dep't of Transp., the complaint filed in the present action seeks to `effect an action against the State in violation of § 14, Ala. Const. 1901.' See id. Consequently, neither Plaintiffs' Complaint nor Plaintiffs' Amended Complaint[1] has vested the trial court with any subject matter jurisdiction and the present action must be dismissed. See id.

"10. The July 20, 2007 decision was confirmed in an August 10, 2007 ruling from the Alabama Supreme Court, Ex parte Alabama Dep't of Transp., 978 So.2d 718 (Ala.2007), in which an identical holding was issued....
"11. Based on this caselaw, ALDOT renews its previous Motions to Dismiss, and again asks this Court to dismiss Plaintiffs' Complaint and Amended Complaint, as there is no basis for subject matter jurisdiction of these Complaints."
The trial court denied the motions on October 24, 2007, and purported to order the plaintiffs to amend the complaint and to name proper parties within 10 days.[2] *368 ALDOT petitioned this Court for mandamus relief, and we ordered an answer and briefs.
Standard of Review
"A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."
Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001). "[A] petition for a writ of mandamus is an appropriate means for seeking review of an order denying a claim of immunity." Ex parte Butts, 775 So.2d 173, 176 (Ala.2000).
Discussion
"Section 14, Ala. Const.1901, provides `[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.' This section affords the State and its agencies an `absolute' immunity from suit in any court. Ex parte Mobile County Dep't of Human Res., 815 So.2d 527, 530 (Ala.2001) (stating that Ala. Const.1901, § 14, confers on the State of Alabama and its agencies absolute immunity from suit in any court); Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000) ('Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state....'). Indeed, this Court has described § 14 as an `almost invincible' `wall' of immunity. Alabama State Docks v. Saxon, 631 So.2d 943, 946 (Ala.1994). This `wall of immunity' is `nearly impregnable,' Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002), and bars `almost every conceivable type of suit.' Hutchinson v. Board of Trustees of Univ. of Ala., 288 Ala. 20, 23, 256 So.2d 281, 283 (1971). Moreover, if an action is an action against the State within the meaning of § 14, such a case `presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent.' Patterson, 835 So.2d at 142-43."
Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004) (emphasis added).
ALDOT, as a State agency, is absolutely immune from suit. Ex parte Alabama Dep't of Transp., 978 So.2d 718, 721 (Ala.2007) ("ALDOT is a State agency ... and, therefore, is absolutely immune from suit."). Generally, "any exceptions to that immunity extend only to suits naming the proper State official in his or her representative capacity." Ex parte Alabama Dep't of Transp., 978 So.2d 17, 22 (Ala. 2007) (emphasis added).
In the instant case, ALDOT is the only named defendant; no State official has been named by the plaintiffs as a party in this case. There is no argument advanced that § 14 does not apply. Because § 14 deprives the trial court of jurisdiction to entertain this action against ALDOT, the action is due to be dismissed. See Alabama Dep't of Transp. v. Harbert Int'l, Inc., [Ms. 1050271, March 7, 2008] ___ So.2d ___, ___ (Ala.2008) (dismissing ALDOT as a party for lack of jurisdiction based on State immunity).

Conclusion
ALDOT is entitled to State immunity in the underlying action; therefore, we grant *369 the petition for the writ of mandamus and direct the trial court to dismiss the plaintiffs' complaint.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and SEE, WOODALL, and PARKER, JJ., concur.
NOTES
[1] The complaint at one point was amended to alter the ad damnum clause.
[2] According to ALDOT, the complaint was not subsequently amended. Generally, when the trial court lacks subject-matter jurisdiction, it has no power to take any action other than to dismiss the complaint. See Ex parte Alabama Dep't of Transp., 978 So.2d 17, 26 (Ala.2007), Ex parte Blankenship, 893 So.2d 303, 306-07 (Ala.2004). Because the plaintiffs did not attempt to amend the complaint, we will not review the issue whether the trial court had jurisdiction to enter the order.