MURDOCK, Justice
(dissenting).
For the reasons explained in my special writings in Cadle Co. v. Shabani, 4 So.3d 460 (Ala.2008) (Murdock, J., dissenting), and Ex parie Alabama Department of Transportation, 6 So.3d 1126, 1128 (Ala.2008) (Murdock, J., dissenting), I respectfully dissent. I note that the instincts of counsel for both the plaintiff and the defendant in this case, as well as those of the trial court, appear to have been in line with my view, as expressed in these cases, that the original complaint in a case such as this remains pending until it is dismissed (although the trial court lacks jurisdiction to actually adjudicate any claims asserted therein), and, if the plaintiff amends the complaint before the statute of limitations or some other bar prevents it from doing so and the amendment alleges one or more claims that the trial court otherwise could have jurisdiction to adjudi *427 cate, then the trial court acquires jurisdiction of those claims at that time.[3]
COBB, C.J., concurs.

. "[UAH's counsel]: Well, I would agree with [Off Campus's counsel]. And that is the reason that we went ahead and filed an Answer, because there is no statute of limitations problem here. They could re-file, naming David Williams and could go forward.
“I do want to point out to the Court— and, [Off Campus's counsel], you probably haven't had a chance to read the case. It's pretty darn explicit that the only power the Court has is to dismiss the thing if you don’t have subject-matter jurisdiction.
"[Off Campus's counsel]: And by bringing in Dr. Williams, we have subject-matter jurisdiction.
"Dr. Williams has consented to moving forward with this matter. He actually, if I am not mistaken, has joined in the Motion for Summary Judgment filed by UAH, that puts him in exactly the same position as if we dismissed, re-filed tomorrow and move forward that way. So I really don’t think it has to relate back.
"But I do believe, by adding Dr. Williams, we have brought this matter properly before the Court and this Court does have subject-matter jurisdiction.
"The Court: .... And I appreciate the cooperation between the parties in an effort to resolve the issues. It’s one that I suspect several state institutions are faced with. We consider the Court as having subject-matter jurisdiction on this case by the [addition] of Dr. David Williams, as President of the University of Alabama, Huntsville.''