40 So.3d 669 (2009)
STATE of Alabama BANKING DEPARTMENT
v.
Gwyn Ellis TAYLOR and Net Axcess, LLC.
1061640.
Supreme Court of Alabama.
September 25, 2009.
Rehearing Denied December 18, 2009.
Troy King. atty., gen., and W. Mark Anderson III, deputy atty. gen. and assoc. counsel, Alabama State Banking Department, for appellant.
Richard W. Whittaker, Enterprise, for appellees.
PER CURIAM.
The State of Alabama Banking Department ("the Department") appeals from a declaratory judgment in an action instituted by Gwyn Ellis Taylor, the sole owner of Net Axcess, LLC, and Net Axcess, LLC (hereinafter referred to collectively as "Net Axcess"), against the Department. We vacate the trial court's judgment and dismiss the appeal.
On May 12, 2005, Net Axcess sued the Department, seeking a judgment declaring that the Alabama Deferred Presentment Services Act, § 5-18A-1 et seq., Ala.Code 1975 ("the Act"), did not apply to Net Axcess's business and, thus, that the Department had no jurisdiction or control over Net Axcess. Net Axcess's complaint also sought compensation for the Department's alleged "unlawful taking," "negligence and/or wantonness," "intentional interference with business," and "fraud or misrepresentation." On June 17, 2005, the Department moved to dismiss Net Axcess's declaratory-judgment action, arguing that, as to its declaratory-judgment claim, Net Axcess had failed to exhaust its administrative remedies and that the other claims were barred by the doctrine of sovereign immunity under Art. I, § 14, Ala. Const.1901, which states that "the State of Alabama shall never be made a defendant in any court of law or equity." Subsequently, Net Axcess filed an amended complaint adding Scott Corscadden, supervisor of the Department's Bureau of *670 Loans, as a party. The Department filed a motion to dismiss the amended complaint, asserting the same arguments it advanced in its original motion to dismiss. On October 23, 2006, the trial court entered an order stating that Net Axcess had consented to the Department's motion to dismiss all the claims except the declaratory-judgment claim.
After a bench trial on June 7, 2007, the trial court determined that Net Axcess was not engaged in a business subject to regulation by the Department under the Act. The Department appealed.
Although the Department did not argue that Net Axcess's request for declaratory relief should have been barred under the doctrine of sovereign immunity, a consideration of that issue is not beyond the scope of our review because it concerns the subject-matter jurisdiction of the trial court, which is reviewable by an appellate court ex mero motu. Ex parte V.S., 898 So.2d 713, 714 (Ala.2004).
In Ex parte Alabama Department of Transportation, 978 So.2d 17 (Ala.2007) ("Good Hope"), this Court addressed the consequences of suing a State agency:
"This Court has long held that `"`the circuit court is without jurisdiction to entertain a suit against the State because of Sec. 14 of the Constitution.'"' Larkins v. Department of Mental Health & Mental Retardation, 806 So.2d 358, 364 (Ala.2001) (quoting Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 435 (Ala.2001), quoting in turn Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677, 678 (1971)). `[A]n action contrary to the State's immunity is an action over which the courts of this State lack subject-matter jurisdiction.'
". . . .
"This Court has repeatedly held that § 14, Ala. Const.1901, `affords the State and its agencies an "absolute" immunity from suit in any court.' Haley v. Barbour County, 885 So.2d 783, 788 (Ala. 2004); see also Ex parte Mobile County Dep't of Human Res., 815 So.2d 527, 530 (Ala.2001) (`Pursuant to § 14, Ala. Const, of 1901, the State of Alabama and its agencies have absolute immunity from suit in any court.'); Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000) (`Under Ala. Const, of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state....')."
978 So.2d at 21-22. Also in Good Hope, this Court addressed a plaintiff's attempt to amend a complaint naming only a St agency in order to add the proper party, thereby seeking establish subject-matter jurisdiction:
"[I]n Ex parte Blankenship, 893 So.2d 303, 306-07 (Ala.2004), this Court held that, if a trial court lacks subject-matter jurisdiction, it has no power to take any action other than to dismiss the complaint. A trial court lacks subject-matter jurisdiction if the defendant is immune under the doctrine of sovereign immunity. Larkins [v. Department of Mental Health & Mental Retardation], 806 So.2d [358,] 364 [ (Ala.2001) ] (`"Article I, § 14, of the Alabama Constitution of 1901 thus removes subject-matter jurisdiction from the courts when an action is determined to be one against the State."' (quoting [Alabama State Docks Terminal Ry. v.] Lyles, 797 So.2d [432,] 435 [(Ala.2001)])). Thus, this Court cannot order the trial court to allow [the plaintiff] to amend its complaint because the trial court lacks subject-matter jurisdiction."
978 So.2d at 26.
In Ex parte Alabama Department of Transportation, 6 So.3d 1126 (Ala.2008) ("Russell Petroleum"), this Court applied *671 the above-quoted principles from Good Hope. In Russell Petroleum, a corporation sued the Alabama Department of Transportation ("ADOT") seeking "compensation for ADOT's alleged `inverse condemnation' of [the corporation's] property." 6 So.3d at 1126. ADOT moved to dismiss the action on the ground that the action was barred by § 14 of the Alabama Constitution. Subsequently, the corporation filed a motion to dismiss ADOT as a defendant and to substitute the director of ADOT ("the director") as the defendant in the case. 6 So.3d at 1126-27. The corporation also filed an amended complaint naming the director, as well as ADOT, in the styling of the case. Id. at 1127.
ADOT and the director again moved to dismiss the case, arguing that, based on the above-quoted principles from Good Hope, the circuit court did not have subject-matter jurisdiction over them. This Court summarized ADOT and the director's argument, as follows:
"In their brief in support of that motion, ADOT and the director argued that the amended complaint was a nullity and that the court had no alternative but to dismiss the action. This was so, because, they argued, the original complaint failed to invoke the subject-matter jurisdiction of the trial court, having named only ADOT, which is absolutely immune from suit, and the amended complaint, which purported to amend an action that was void ab initio, was a nullity; therefore, no jurisdiction attached as a result of the purported amendment."
6 So.3d at 1127. The circuit court denied ADOT and the director's motion to dismiss, and ADOT and the director petitioned this Court for a writ of mandamus directing the circuit court to vacate its order denying their motion to dismiss and to dismiss the action with prejudice for lack of subject-matter jurisdiction. Id.
Before this Court, ADOT and the director maintained their reliance on Good Hope and argued that the corporation's initial complaint against ADOT did not confer jurisdiction on the circuit court and, thus, could not serve as the basis for any amendment. This Court agreed with ADOT and the director and held, on the authority of Good Hope, that the circuit court did not have subject-matter jurisdiction. Further, because of the circuit court's lack of subject-matter jurisdiction, this Court also refused to allow the corporation to amend its complaint to add the proper party and granted ADOT and the director's petition, issuing the writ and ordering the circuit court to vacate its order denying their motion to dismiss and to dismiss the action with prejudice for lack of subject-matter jurisdiction. 6 So.3d at 1128.
A nearly identical situation is presented in the present case. Just as in Russell Petroleum, Net Axcess sued the Department, an agency of the State. See § 5-2A-1, Ala.Code 1975. Upon the Department's filing a motion to dismiss based on the doctrine of sovereign immunity, Net Axcess amended its complaint to add Corscadden as a party. Although the trial court properly dismissed the rest of Net Axcess's claims against the State, it allowed Net Axcess's declaratory-judgment claim against the State to proceed to trial.
On the authority of Good Hope and Russell Petroleum, we hold that the trial court lacked subject-matter jurisdiction to entertain Net Axcess's original complaint against the Department and, thus, lacked subject-matter jurisdiction to entertain Net Axcess's amendment to its original complaint adding Corscadden as a party to the action.
The trial court did not have subject-matter jurisdiction over this action; therefore, the trial court's judgment must be *672 vacated. Further a void judgment will not support an appeal. Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 492 (Ala.2008). Therefore, the appeal is dismissed.
JUDGMENT VACATED; APPEAL DISMISSED.
LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
COBB, C.J., and MURDOCK, J., dissent.
MURDOCK, Justice (dissenting).
For the reasons explained in my special writings in Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008) (Murdock, J., dissenting), and Ex parte Alabama Department of Transportation, 6 So.3d 1126, 1128 (Ala. 2008) (Murdock, J., dissenting), I respectfully dissent. See also Alabama Dep't of Pub. Safety v. Ogles, 14 So.3d 121, 126 (Ala.2009) (Murdock, J., dissenting), and Alabama Dep't of Corr. v. Montgomery County Comm'n, 11 So.3d 189, 194 (Ala. 2008) (Murdock, J., dissenting).
COBB, C.J., concurs.