BOLIN, Justice
(concurring specially).
I concur fully with the main opinion. I write specially to quote from the Phenix City Board of Education’s reply brief as to what should be the denouement of this mandamus relief, as well as future similar proceedings involving sovereign immunity under § 14, Ala. Const.1901:
“To defeat the prohibition of § 14, the State official, and not the State agency (emphasis added [in reply brief]), must be the named defendant and the facts of the litigation must fit into one of the recognized ‘exceptions.’ If those requirements are not met, the trial court has no subject matter jurisdiction. Because it does not have subject matter jurisdiction, the trial court cannot allow amendments to add the State official as a named defendant. Ex parte Alabama Department of Transportation, 6 So.3d 1126 (Ala.2008) ...; [Ex parte Alabama Department of Transportation, 978 So.2d 17 (Ala.2007)].”
(Petitioner’s reply brief, pp. 10-11.)
Such is the path plaintiffs must take to scale the “ ‘almost invincible’ ” “ ‘wall’ of [sovereign] immunity” and imbue a trial court with the subject-matter jurisdiction necessary to determine whether an action against the State of Alabama or one of its agencies falls within one of the six categories of actions not prohibited by Art. I, § 14, Ala. Const.1901. Board of Sch. Comm’rs of Mobile Cnty. v. Weaver, 99 So.3d 1210, 1217 (Ala.2012) (quoting Alabama State Docks v. Saxon, 631 So.2d 943, 946 (Ala.1994)).