# Ballard *v.* Johns.

*Petition in Probate Court, by Tenant in Common, for Sale of · Land for Partition.*

1. *Adverse possession as defense.*—The Probate Court has no jurisdiction to make partition of lands among several joint owners or tenants in common, or to order a sale for equitable partition (Code, 1876, § 3512), when an adverse claim or title is asserted in good faith by any one, and brought to the knowledge of the court; as where it is shown that one of the joint owners, or tenants in common, since deceased, was in adverse possession continuously for more than ten years, under a deed from a purchaser at sheriff's sale under execution against the common ancestor.

APPEAL from Montgomery Probate Court.
Heard before the Hon. F. C. RANDOLPH.

MOORE & FINLEY, for appellant.

WATTS & SON, *contra.*

CLOPTON, J.—Section 3512 of the Code of 1876, being a section of the chapter relating to the partition of property held by joint owners, declares: "No division or allotment can be made under this chapter, where an adverse claim or title is asserted by any one, or brought to the knowledge of the commissioners, or Judge of Probate." Under the statute, as construed when this case was before us on a former appeal, the assertion of an adverse claim or possession must be *bona fide*, and a false or unsupported assertion is not sufficient to oust the jurisdiction of the probate court. It was held that the Probate Court did not err in holding that there had been no sufficient adverse possession by Ballard, who set up a claim to a part of the land.—*Ballard v. Johns*, 80 Ala. 32.

On the remandment of the cause, the adverse possession of Ballard was not set up in the answer to the petition as amended, but the adverse claim and possession of Ellen Johns was duly pleaded. The petition, as amended, seeks the sale for partition of the east half of the north-east quarter of section 17, township 13, range 18, and five acres

[Ballard v. Johns.]

adjoining on the west.    The record discloses, that the land
set forth in the amended petition was sold by the sheriff in
September, 1848, under a *venditioni exponas*, as the property
of Zephaniah Johns and E. M. Bussey, and was purchased
by John W. Hughes.    In 1851, Hughes conveyed to W. A.
Johns the north-west quarter of the quarter section men-
tioned in the petition, and in December, 1870, W. A. Johns
conveyed to Ellen Johns forty acres of the land described in
the amended petition, who continued in possession, claiming
the land as her own, and exercising acts of ownership, until
her death, which occurred in September, 1884.    The petition
alleges, that the petitioner and the defendants therein, the
estate of Ellen Johns being one of them, are tenants in com-
mon by inheritance from Zephaniah Johns and his other
children who died without issue since his death.

The statute in terms denies to the probate court the power
and jurisdiction to adjudicate, on a petition for the partition
of lands, adverse claims and titles.    It is immaterial by
whom the adverse claim or title is asserted, so it is brought
to the knowledge of the judge of probate.    If during the
pendency or trial of the petition, it is made known to him
that there is a substantial adverse claim asserted by any one,
the statute makes it obligatory upon him to decline further
jurisdiction of the matter.    In order to ascertain whether
the assertion is substantial and *bona fide*, he must necessarily
investigate, not the validity of either of the opposing claims
or titles, but the grounds on which they are based; and, as
was said on the former appeal, "If it is clear that there has
been in reality no such adverse possession, as to have consti-
tuted a disseizen or ouster of the petitioner—destroying the
holding together of the joint owners—and that the com-
plainant's title is good, or that the court can entertain, on
the facts presented, no serious doubts as to such title, it may
proceed to hear the application."    But, when it does *not
clearly* appear that there has been no such adverse posses-
sion, or if the court entertains serious doubt as to the title,
it can proceed no further.

If there was in fact, a sale of the land in 1848 under a
valid order of the Circuit Court as the property of Zeph-
aniah Johns the title to the land passed out of him and was
vested in the purchaser.    It is true, no order of the court is
shown by the record, on which the *venditioni exponas* was
issued; but after the lapse of twenty years, such order may
be presumed for the purpose of determining whether there

[Long et al. v. Walker, Guardian.]

is a *bona fide* assertion of a hostile title. The conveyance of Hughes describes other lands, which, as may be reasonably inferred, is a misdescription, such as a court of equity would correct. Whether this be so or not, Ellen Johns was in possession of the land continuously for nearly fourteen years, claiming it openly and notoriously adversely, during all of which time the petitioner was out of possession. She was in possession of a part under color of title made by W. A. Johns, who evidently believed he had a right to convey the land. Such adverse possession, under claim of title for such period of time, is sufficient to vest in her an indefeasible estate. On these facts presented by the record, it can not be said, that there are no serious doubts as to the title of the petitioner, as claimed and set forth in the petition. The order of sale for partition is the equivalent of an adjudication that she had only a one-third interest. The Probate Court should have declined to entertain jurisdiction of the petition.

Reversed and remanded.