# Sheppard *v.* Sheppard.

*Statutory Proceedings for Allotment of Dower.*

1. *Petition for allotment of dower; averment of husband's seizin.*—In a petition for the allotment of dower, an averment that the husband "was seized and possessed" of the lands described is, on demurrer, equivalent to an averment that he was seized in fee (Code, 1886, § 1892; 1876, § 2232); but it is the better course to follow the language of the statute.

2. *Right of dower, as affected by separate estate.*—In estimating the widow's right of dower, or making an abatement from its value, on account of a separate estate held by her, "exclusive of the rents, income and profits" (Code, 1886, §§ 2354-5; 1876, §§ 2715-16), lands allotted to her as dower in the estate of a former husband must be computed, her interest therein being an estate of freehold, and more than a mere right to the rents, income, and profits.

3. *Assignment of dower in lands chargeable with trust.*—When it appears that the lands, in which an allotment of dower is sought, are chargeable with a trust in favor of the husband's children by a former marriage, on account of moneys belonging to their mother's statutory estate, which were invested or used by him in the purchase of the lands, an assignment by metes and bounds would be unjust (Code, 1886, § 1910; 1876, § 2248), and the court should decline jurisdiction, leaving the parties to their remedies in equity; but the mere assertion of such a claim by the heirs, without any evidence to support it, does not require the court to dismiss the petition.

APPEAL from the Probate Court of Cherokee.

Heard before the Hon. ROBERT R. SAVAGE.

WATTS & SON, and BURNETT & SMYER, for appellant.'

MATTHEWS & DANIEL, *contra.*

[Sheppard v. Sheppard.]

STONE, C. J.—The appellant, Martha Sheppard, filed her petition in the Probate Court praying the allotment of dower in lands, of which, as the petition alleges, her late husband, J. L. W. Sheppard, was "seized and possessed" at his death. The petition was contested by the administrator, and the heirs at law of the deceased husband. Contestants assigned numerous grounds of demurrer, and set up various objections in their answer to the petition, and many questions arose during the hearing as to the allowance or disallowance of testimony offered; but, with our view of the case, it will not be necessary to enter into a consideration of these various questions.

Section 2232 of the Code of 1876, under which this proceeding was begun, declares that the widow is dowable: 1st, of all lands of which the husband was seized in fee simple during the marriage; 2d, of all lands of which another was seized in fee to his use; 3d, of all lands to which, at the time of his death, he had a perfect equity, having paid all the purchase-money thereof.

The averments of the petition do not bring this case strictly within any one of these definitions; but, under the averments of seizin, evidence was admissible to show that such seizin was *in fee.* This court has held that such an averment of the character of ownership of the husband, in the petition for dower, was sufficient.—*Snodgrass v. Clark,* 44 Ala. 198. Still, we think that, in a statutory proceeding for the assignment of dower, it is the better course to adopt the language of the statutes.

One of the grounds of objection to the allowance of dower in this proceeding, set up in the answer of contestants, was, that the petitioner, at the time of the death of her husband, had a separate estate, which was equal to, or greater in value than her dower interest in the estate of her late husband. Section 2715 of Code of 1876 provides, that "if any woman, having a separate estate, survive her husband, and such separate estate, exclusive of the rents, income and profits, is equal to, or greater in value than her dower interest and distributive share in her husband's estate, . . . she shall not be entitled to dower in, or distribution of her husband's estate." It appears that petitioner had been a widow before her marriage to Sheppard, and dower had been assigned her in her former husband's estate. In the effort to show the value of petitioner's separate estate, much testimony was offered by contestants as to the value of the dower lands as-

36

signed petitioner as widow of her former husband. We need not pass absolutely on this question; but an estate in dower is a freehold, and, it would seem, must be classed as more than a right to the rents, income and profits. It is a marketable estate in the lands.

Another objection urged in the answer of contestants, to the allowance of the petition, was, that an undivided interest in the larger part of the lands in which dower was sought, belonged to the estate of Martha M. Sheppard, the former wife of J. L. W. Sheppard, and mother of the contesting heirs; and evidence was introduced, *prima facie* sufficient, to show that two thousand dollars of the statutory separate estate of said Martha M. Sheppard had been invested by the said J. L. W. Sheppard in the purchase of this land, in which dower was sought by the petitioner. Section 2248 of the Code of 1876 provides, that "when land out of which dower is demanded has been alienated by the husband, and from improvements made by the alienee, or from any other cause, an assignment by metes and bounds would be unjust, the judge of probate must decline jurisdiction, and application must be made to the court of chancery." In *Thrasher v. Pinckard*, 23 Ala. 621, this court said: "The Probate Court, being one of limited jurisdiction, can only allot dower in the mode pointed out by statute; and where the decree has to be moulded so as to meet the justice of the case, arising from the peculiar circumstances, a court of chancery alone has power to make the proper decree." If it be shown that any portion of the statutory separate estate of Martha M. Sheppard had been invested in the purchase of the lands, out of which the petitioner seeks to be endowed, there is a resulting or constructive trust in favor of the heirs of said Martha M. Sheppard, the contestants here, which the Probate Court has no jurisdiction to determine. Courts of equity entertain concurrent jurisdiction with the Probate Court in the assignment of dower, and only in a court of equity could the rights of all parties, in such a case, be adjudicated.—*Wood v. Morgan*, 56 Ala. 397.

We do not wish to be understood as holding that every suggestion of adverse claim or interest should devest the jurisdiction of the Probate Court in proceedings for the assignment of dower. What was said by this court in *Ballard v. Johns*, 84 Ala. 70, in a somewhat analogous proceeding in the Probate Court, we think applicable here. The adverse claim must be *bona fide*. If, on investigation, it is clear to

[Manning v. Maroney.]

the Probate Court that there is, in reality, no such adverse claim as is asserted, it may proceed to hear the application; but, if, during the pendency or trial of the petition, it is made known to the court that there is a substantial adverse claim asserted, or the court entertains serious doubts as to such adverse claim, the court should decline further jurisdiction of the matter. With the evidence in this case, we can not hold that the Probate Court erred in refusing to entertain jurisdiction of the appellant's petition.

Affirmed.