[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 886 
This appeal concerns the jurisdiction of the probate courts of Alabama to hear cases involving the partition of property or the sale of property and the division of the sale proceeds.
Joseph W. Hutchinson, Jr. ("the plaintiff), brought an action in the Choctaw Probate Court seeking a sale for division of certain oil, gas, and mineral rights associated with a parcel of land located in Choctaw County; the plaintiff allegedly held a fractional interest in that parcel. As amended, the complaint named nine defendants who were alleged cotenants as to those rights. After one of those defendants, appearing pro se, had filed an answer in letter form to the complaint, counsel for the eight other defendants ("the moving defendants") filed a motion to dismiss the action pursuant to Rule 12(b)(1), Ala. R. Civ. P.,[1] which pertains to dismissal for lack of subject-matter jurisdiction. In that motion, the moving defendants alleged that the action was not properly brought in the probate court under § 35-6-40, Ala. Code 1975, because there was no "open estate in that court," and they contended that the probate court should decline jurisdiction because, they said, the probate court was without power to "do complete justice" in the action. No evidentiary material was submitted in support of the moving defendants' motion.[2] *Page 887 
The probate court entered a judgment dismissing the action without prejudice, citing both grounds asserted by the moving defendants. The plaintiffs appeal from the probate court's judgment to the Alabama Supreme Court was transferred to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Because the probate court's judgment expressly stated that the action had been dismissed "without prejudice," the finality of the judgment under review may, at first glance, be questioned in light of the rule followed in Palughi v. Dow,659 So.2d 112, 113 (Ala. 1995). However, we distinguish Palughi on the basis that the probate court's judgment of dismissal of the action, on the basis of lack of subject-matter jurisdiction, "conclusively determine[d] the issues before the court" (659 So.2d at 113) upon the submission of the moving defendants' motion to dismiss for lack of subject-matter jurisdiction, thus rendering the judgment final. We therefore reach the merits of the contentions raised by the parties on appeal, applying, as we must, a de novo standard of review to the probate court's judgment. See State Dep't of Revenue v. Arnold909 So.2d 192, 193 (Ala. 2005).
As the Supreme Court noted in Wilkinson v. Stuart,74 Ala. 198, 203 (1883), although "[t]he partition of lands between joint tenants, tenants in common, and co-parceners, is an established head of equity jurisdiction" — jurisdiction that, under our merged system of law and equity, lies in our circuit courts under Rule 2, Ala. R. Civ. P., and §12-11-31, Ala. Code 1975 — "[b]y statute, it is very common to confer a like jurisdiction upon other tribunals, of superior or inferior jurisdiction." From at least 1852, probate courts in the several counties of this state have had, by statute, jurisdiction to partition lands held by cotenants within those counties. See § 670, subdiv. 10, Ala. Code 1852 (now codified as § 12-13-1(9), Ala. Code 1975). That jurisdiction was extended by the legislature in 1856 so as to allow the probate courts to "decree and order a sale of all property, whether the same be real, personal, or mixed." Act No. 32, § 1, 1855-56 Ala. Acts. In 1858, the legislature reaffirmed the jurisdiction of the probate court to partition lands. See Act No. 219, § 1, 1857-58 Ala. Acts. Thus, there are two remedial "systems" available to a cotenant who seeks a severance of his or her interests in jointly held property: (a) apartition of that property, if it can be equitably divided, or (b) the sale of the property and the division of the sale proceeds, if the property cannot be equitably divided; as our Supreme Court noted in Hillens v.Brinsfield, 108 Ala. 605, 613, 18 So. 604, 607 (1895), "the two systems are separate and distinct, each complete in itself."
The Alabama Code of 1867 recodified the probate court's power to partition property and codified for the first time the probate court's power to sell property for division. Section 3105 of that Code addressed partition:
 "Any property, real, personal or mixed, held by joint owners or tenants in common, may be divided among them on the application of the persons entitled thereto, or any one of them, in writing to the judge of probate of the county in which the property is. Such application may be made by the executor or administrator of a deceased person in interest, or by the guardian of a minor or person of unsound mind." *Page 888 
Section 3120 of that Code, in contrast, addressed the probate court's power to sell property for division:
 "Judges of the probate court may decree and order a sale of all property, whether real, personal or mixed, held by joint owners or tenants in common, when the same cannot be equitably partitioned or divided between such joint owners or tenants in common, notwithstanding they, or any number of them, are infants, or persons of unsound mind."
As the probate-court partition provision of the 1867 Code was carried forward into subsequent codes, the two sentences contained therein were conflated into one longer sentence through the use of a semicolon and the conjunction "and":
 "Any property, real, personal, or mixed, held by joint owners or tenants in common, may be divided among them, on the written application of one or more of them to the probate court of the county in which the property is situate; and such application may be made by the executor or administrator of a deceased person in interest, or by the guardian of a minor or person of unsound mind."
Ala. Code 1886, § 3237; accord § 35-6-40, Ala. Code 1975 (bearing no changes from the 1886 codification apart from the replacement of the word "situate" with "situated"). Likewise, § 35-6-58, Ala. Code 1975, which is the modern statute addressing sale-for-division jurisdiction in the probate court, provides that real and personal property of joint owners or tenants in common that "cannot be equitably divided or partitioned" may be sold for division "not-withstanding
they, or any of them, are infants or persons of unsound mind" (emphasis added).
We recite that legislative history at length to demonstrate the error of the moving defendants' contention, and the probate court's holding in accord with that contention, that the reference in § 35-6-40, Ala. Code 1975, to executors, administrators, and guardians somehow limits both the partition and sale authority of the probate court to situations in which there is an estate of a decedent or a protected person. To the contrary, it is well-settled under Alabama law that both probate courts and circuit courts sitting in equity have concurrent jurisdiction in this area. "[A] proceeding for partition or for a sale for division of proceeds may be maintained in either the probate court or the circuit court of the county in which the land or some part of the land is situated." Sockwell v.Hyde, 503 So.2d 817, 818 (Ala. 1986). The specification of certain classes of interested persons in § 35-6-40 in reference to who may bring an action seeking partition
through a representative does not have any bearing upon the power of a probate court to entertain such an action brought by a party who is sui juris, nor does it limit the power of such a court under § 35-6-58 to entertain an action seeking a sale of property for division of proceeds, which is the remedy the plaintiff in this case seeks.
We thus conclude that the Choctaw Probate Court erred in concluding that it did not have subject-matter jurisdiction over the plaintiffs complaint. However, that conclusion does not itself mandate reversal of the judgment of dismissal because the moving defendants have also averred that the judgment is proper on an alternative ground: that the probate court had discretion to decline to adjudicate the case and that it correctly chose to do so. We now consider the validity of that ground. SeeSmith v. Equifax Servs., Inc., 537 So.2d 463, 465
(Ala. 1988) (trial court's judgment is due to be affirmed if it is supported by any valid legal ground).
The motion to dismiss filed by the moving defendants asserted that the probate court lacked the power to "do complete *Page 889 
justice" in the action. There is authority in Alabama for the proposition that a probate court should decline to hear an action seeking partition or a sale for division when, under certain circumstances, only a court of equity would have the authority to fully adjudicate certain matters to be decided in connection with the remedy sought. For example, in Ballard v. Johns,84 Ala. 70, 4 So. 24 (1888), the Alabama Supreme Court noted that § 3512 of the Alabama Code of 1887 (now § 35-6-55, Ala. Code 1975) "denies to the probate court the power and jurisdiction to adjudicate, on a petition for the partition of lands, adverse claims and titles," and concluded that "[i]f during the pendency or trial of the petition, it is made known to [the probate judge] that there is a substantial adverse claim asserted by any one, the statute makes it obligatory upon [the judge] to decline further jurisdiction of the matter."84 Ala. at 71, 4 So. at 25. Similarly, in Marshall v. Marshall,86 Ala. 383, 5 So. 475 (1889), the Alabama Supreme Court, while recognizing the concurrent jurisdiction of probate courts and equity courts as to partition and sale actions, noted the potential existence of "circumstances . . . such as to render the power of the Probate Court inadequate" and indicating that the probate courts did not have power "to compensate for inequalities in the partition; nor to take an account of rents; nor to provide for relieving the lands of incumbranees; nor to adjust and equalize the advancements among the tenants in common, when the lands descended from a common ancestor." 8(5 Ala. at 389,5 So. at 477.
Although we do not discount the importance of the considerations rioted in Ballard and Marshall in considering the propriety of a probate court's determination to decline jurisdiction, our task in this appeal is to determine whether the record contains evidentiary support, for a valid ground for declining jurisdiction. In support of their contention that jurisdiction should be declined, the moving defendants asserted in their motion that the plaintiff had sought only a sale for division of mineral rights as to which the joint owners lacked equal shares; that the mineral rights had been leased to third parties, who had drilled and operated wells on the pertinent real property; and that the Alabama Oil and Gas Board, a state agency constituted under the provisions of § 9-17-1 et seq., Ala. Code 1975, had entered orders "affecting the title to the oil and gas production from the mineral rights at issue."
The first ground — that ground referring to the parties' unequal ownership shares and the unusual nature of the property at issue — is not a sound basis for declining jurisdiction as a matter of law. Probate courts have the power to sell for division property that is held in unequal shares.Hillens, 108 Ala. at 607, 18 So. at 605 ("Equality of interests is not essential to the jurisdiction of the Probate Court to decree a sale for division."). Moreover, the "mere fact that the property involved consists of undeveloped . . . mineral rights" is not an impediment to a sale for division — indeed, the character of the property involved has been held to warrant "a sale for division on less strict proof than in cases involving fee-simple estates or surface rights, when the value of the property is more easily ascertained." Musgrove v.Aldridge, 205 Ala. 189, 191, 87 So. 803, 804 (1920).
The two remaining contentions of the moving defendants — that the property has been leased to third parties and/or that the Alabama Oil and Gas Board has entered orders affecting the parties' interests in the property — might well, if proved, defeat the jurisdiction of the probate court under §35-6-55, Ala. Code 1975, which, as we have noted, prevents *Page 890 
the probate court from partitioning or selling for division property "when an adverse claim or title is asserted by anyone" or is "brought to the knowledge of . . . the judge of probate." However, the moving defendants adduced no evidence to support their contentions in their motion to dismiss, and "`[s]tatements in motions are not evidence'" in and of themselves. FountainFin., Inc. v. Hines, 788 So.2d 155, 159 (Ala. 2000) (quotingSingh v. INS, 213 F.3d 1050, 1054 n. 8 (9th Cir.2000)). Thus, despite the moving defendants' arguments, we cannot affirm the probate court's judgment as constituting a permissible discretionary decision to decline jurisdiction.
Based upon the foregoing facts and authorities, we reverse the judgment of dismissal and remand the cause to the probate court for further proceedings on the plaintiffs complaint.
REVERSED AND REMANDED.
BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs specially.
[1] The Rules of Civil Procedure, which govern "evidence, pleading and practice, judgments and orders in the circuit court," likewise govern probate-court proceedings "in the absence of express provision" to the contrary. Ala. Code 1975, §12-13-12.
[2] Unlike a motion pursuant to subsection (6) of Rule 12(b), a motion under subsection (1) of that rule is a "speaking" motion that may be supported or opposed by materials outside the complaint, i.e., "[e]videntiary matters may be freely submitted on a motion to dismiss that attacks jurisdiction." Williamsv. Skysite Commc'ns Corp., 781 So.2d 24, 245
(Ala.Civ.App. 2000).