PITTMAN, Judge.
This appeal, transferred to this court by the Alabama Supreme Court pursuant to Ala.Code 1975, § 12-2-7(6), concerns the correctness of a judgment of the Mobile Circuit Court dismissing, pursuant to Rule 12(b)(1), Ala. R. Civ. P., a civil action concerning an alleged breach of a contract to make a will.
The action giving rise to this appeal was filed by three adult children of Leroy Hill (“Leroy” or “the decedent”) — Roy Wayne Hill, Todd E. Hill, and Debra Hill Stewart (“the children”) — and by the decedent’s first wife, Bonnie Todd Hill (“Bonnie”), and the plaintiffs’ complaint set forth claims against Deborah D. Hill (“Deborah”), the decedent’s surviving spouse, in her individual capacity and against the decedent’s estate. Among the claims asserted were contractual, quasi-contractual, equitable, and fraud claims stemming from an alleged “Family Inheritance Agreement,” entered into by Leroy and Bonnie in December 1983 in contemplation of their impending divorce, that pertinently provided that (a) Leroy would insure his life for $1,000,000 and make Bonnie the insurance-policy beneficiary and (b) Leroy would convey, by his will, all of his interests in both a coffee company and a farm located in Grand Bay to the children.[1] Deborah was subsequently appointed as the personal representative of the decedent’s estate, rendering her, in effect, the sole defendant in the case.
In September 2009, Deborah filed a motion to dismiss the action or, in the alternative, to transfer the action to the family-relations division of the Mobile Circuit Court (created as a separate division pursuant to a general act, Act No. 250, Ala. Acts 1959, that applied to various counties based upon their populations); Deborah contended in that motion that only that division would have jurisdiction to hear the plaintiffs’ claims. Deborah attached to her motion photocopies of the settlement agreement entered into between Leroy and Bonnie in contemplation of their divorce and of the divorce judgment that had been entered by the family-relations division. The plaintiffs filed a response in opposition in which they contended that the family-inheritance agreement had not been merged into the divorce judgment and, therefore, that their claims were not within the exclusive jurisdiction of the family-relations division. Through new counsel, Deborah filed a reply in which she posited that the claim that Leroy had been required by the family-inheritance agreement to maintain $1,000,000 of life-insurance coverage for Bonnie’s benefit was directly contradicted by the subsequently entered settlement agreement and divorce judgment, whereas the claim concerning Leroy’s alleged agreement to convey the coffee company and real property to the children upon his death was inconsistent with the family-relations division’s judgment awarding those items of property solely to him. Deborah also filed various deeds conveying real property from Bonnie to Leroy that had been executed after the divorce judgment. After the plaintiffs had filed a response to Deborah’s reply, the trial court entered a judgment granting Deborah’s motion to dismiss, prompting the plaintiffs’ appeal.
Because the trial court’s judgment grants a motion to dismiss for lack of *118 subject-matter jurisdiction, rather than for failure to state a claim, we 'will review the judgment de novo, with no presumption of correctness, in accordance with Hutchinson v. Miller, 962 So.2d 884, 887 (Ala.Civ.App.2007), and State Dep’t of Revenue v. Arnold, 909 So.2d 192, 193 (Ala.2005). That the trial court considered matters outside the pleadings in ruling on Deborah’s motion (matters that may be considered freely in connection with a “speaking” motion under Rule 12(b)(1), Ala. R. Civ. P., see Hutchinson, 962 So.2d at 886 n. 2) does not alter the nature of our appellate review, nor does it mandate consideration of Deborah’s attack upon the trial court’s jurisdiction as a “factual” rather than a “facial” one. See generally Ex parte Safeway Ins. Co. of Alabama, Inc., 990 So.2d 344, 349-50 (Ala.2008) (discussing distinction between a “facial” jurisdictional attack assuming truth of facts pleaded on face of complaint and a “factual” attack impugning factual allegations in complaint by adducing extrinsic evidence, and noting that ruling court may look beyond the allegations contained in the complaint in ruling on either type of attack).
Here, Deboi’ah’s filings in support of her motion to dismiss consisted of copies of the settlement agreement between Bonnie and Leroy, the judgment that had divorced them, and deeds evidencing postjudgment conveyances of real property between them. In contrast, at this stage of the proceedings, Deborah has not adduced evidence tending to impeach the propositions that Bonnie and Leroy did, in fact, enter into the family-inheritance agreement; that the plaintiffs’ claims are ripe (compare Ex parte Safeway, 990 So.2d at 353 (affidavit showed that plaintiffs right to recover damages against uninsured-motorists-insurance carrier was not ripe)); and that those claims were within the general jurisdiction of the circuit court to decide civil actions involving an amount in controversy exceeding $3,000, see generally Ala. Code 1975, § 12-11-30(1), or to hear requests for equitable relief, see. generally Ala.Code 1975, § 12-11-31(1).
In this appeal, the plaintiffs have focused entirely upon the correctness of the trial court’s ruling as to their claim that Leroy breached the alleged family-inheritance agreement by failing to convey to the children at his death the coffee company and real property that had been awarded to Leroy in the divorce judgment. We thus do not disturb the trial court’s judgment as it applies to the plaintiffs’ claims that do not stem from that alleged breach, such as those seeking to enforce Leroy’s alleged promise to insure himself for $1,000,000 for Bonnie’s benefit or his alleged fraud in inducing Bonnie to agree to the settlement agreement incorporated into the divorce judgment. See Thompson v. United Cos. Lending Corp., 699 So.2d 169, 171 (Ala.Civ.App.1997).
We turn now to the principal issue framed by the parties: whether the trial court properly deemed claims arising out of the conveyance-upon-death component of the alleged family-inheritance agreement to be within the exclusive jurisdiction of the family-relations division in light of the incorporation of the settlement agreement between Bonnie and Leroy into the judgment divorcing them. We note that in her brief Deborah seeks to defend the judgment by invoking, for the first time, the doctrines of res judicata and collateral estoppel, as well as by asserting estoppel as to Bonnie (alleging that her having consented to the entry of the divorce judgment that did not expressly incorporate the alleged family-inheritance agreement prevents her from asserting the existence or validity of that agreement in this action). Because Deborah did not, in the trial court, invoke at any time those affir *119 mative defenses (see Rule 8(c), Ala. R. Civ. P.) in seeking dismissal of the action, we may not, consistent with due-process principles, consider those omitted grounds as bases for affirmance (even assuming their validity). See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1018, 1020 (Ala.2008).
Is a claim that a spouse, in contemplation of a divorce, breached a written agreement to convey, upon the death of that spouse, certain property to children of the marriage a claim that lies within the exclusive jurisdiction of the court that divorced the parties to the marriage? There is authority that would support the general proposition that such a claim is not cognizable within the circuit court’s general civil jurisdiction when it is derived from an agreement that is incorporated, or “merged,” into a judgment entered by a circuit court’s separate domestic-relations division. In Turenne v. Turenne, 884 So.2d 844 (Ala.2003), the Alabama Supreme Court affirmed a judgment of the Montgomery Circuit Court dismissing, pursuant to Rule 12(b)(6), Ala. R. Civ. P., several claims brought by a divorced spouse on the basis that the other spouse had failed to comply with the terms of a marital-settlement agreement; in concluding that the claims, to the extent that they had legal validity, were within the exclusive jurisdiction of the domestic-relations division of the Montgomery Circuit Court,[2] the Alabama Supreme Court noted that the pertinent agreement had expressly been “ ‘incorporated and merged’ ” into the divorce judgment as provided by the terms of that judgment itself. 884 So.2d at 848. However, Turenne also noted the propositions (a) that whether an agreement entered into between spouses in contemplation of divorce is merged into a subsequent judgment of divorce or will survive as an independent agreement depends upon the intention of the parties and the court and (b) that any agreement between parties that is not merged into or superseded by the divorce judgment maintains its contractual character and may be enforced as any other contract might be. See id. (citing, among other cases, East v. East, 395 So.2d 78 (Ala.Civ.App.1980)).
In this case, the settlement agreement between Leroy and Bonnie was “ratified and confirmed” by the family-relations division of the circuit court in the ensuing divorce judgment, and the judgment adhered to the terms of the agreement. Thus, to the extent that the plaintiffs might properly have asserted any claims that stemmed from alleged noncompliance of either Bonnie or Leroy with the provisions of the settlement agreement, those claims would arise under the judgment and not the settlement agreement and would, under Turenne, be within the exclusive enforcement jurisdiction of the family-relations division of the circuit court. See also Evans v. Waddell, 689 So.2d 23, 31 (Ala.1997) (any attack on the substantive provisions of a divorce judgment incorporating a settlement agreement would lie only in the family-relations division).
However, as the plaintiffs pointed out. in the trial court and reiterate on appeal, the divorce judgment does not specifically address the family-inheritance agreement discussed in the complaint; thus, they contend, no merger of that agreement into the divorce judgment could have occurred and Turenne is distinguishable. Responding to that position, Deborah relies upon the contractual principle— *120 commonly called the parol-evidence rule, but occasionally and colloquially known as “merger” — under which mere preliminary agreements between parties are deemed to have been subsumed into the final written instrument expressing their agreement. According to Deborah’s reasoning, because the complaint alleges that Leroy executed the family-inheritance agreement before the settlement agreement in the divorce action had been executed (and later ratified), and because that agreement contained promises that were, she says, inconsistent with an intent to resolve all matters involving property division in the parties’ settlement agreement, the family-inheritance agreement is unenforceable as a matter of law.
Although there is authority supporting Deborah’s substantive position, see Barnstable v. United States Nat’l Bank, 232 Or. 36, 44-47, 374 P.2d 386, 390-91 (1962), the possible correctness of that legal position does not avail Deborah in this appeal, and it is unnecessary to finally decide in this appeal whether the parol-evidence rule would prohibit enforcement of the terms of the family-inheritance agreement. It must be remembered that the judgment under review is one concluding that all the claims asserted by the plaintiff are within the exclusive jurisdiction of the family-relations division of the circuit court that entered the judgment in the 1984 divorce action involving Bonnie and Leroy. There is a significant difference between proposing that a trial court must summarily adjudicate a case in favor of a defendant because a plaintiff is not entitled to prevail on certain claims as a matter of law (see Rule 12(b)(6), Ala. R. Civ. P.) and proposing that a trial court cannot adjudicate a case because it lacks jurisdiction over the subject matter (see Rule 12(b)(1), Ala. R. Civ. P.). There is no indication in this record that the family-inheritance agreement, which the complaint specifically avers was concealed from the court considering the divorce action, was intended to be merged or incorporated into the judgment entered in that action such that it can properly be said that the agreement lost its contractual character and left the plaintiffs, or any of them, with only a right of action on the divorce judgment; for that reason, the jurisdictional bar set forth in Turenne does not properly apply, and the trial court erred in dismissing the ease for lack of jurisdiction over the subject matter.[3]
Based upon the foregoing facts and authorities, we conclude that the provisions of the family-inheritance agreement asserted in the complaint to exist were not merged or incorporated into the judgment divorcing Bonnie and Leroy, and we reverse the judgment of dismissal entered by the Mobile Circuit Court. Our mandate is limited to that precise extent: the Mobile Circuit Court will have jurisdiction on remand to determine the substantive questions that have arisen or may arise in the case, such as whether the family-inheritance agreement is valid and enforceable as it pertains to the duty to convey by will the coffee company and real property to the children upon the death of Leroy; whether the agreement was honored or was breached by Leroy’s conduct before, during, and after the pendency of the divorce action; and whether other defenses may bar the granting of relief to one or more of the plaintiffs. Further, we reject *121 Deborah’s request to require transfer of the action to the family-relations division because there is no indication that the family-relations division has entertained any action seeking enforcement of the family-inheritance agreement at issue in this action.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, J., concur.
BRYAN and MOORE, JJ., concur in the result, without writings.

. The plaintiffs specifically alleged in their complaint that that agreement had been in writing. See Ala.Code 1975, § 8-9-2(6) (mandating that agreements to make a will or to make a testamentary conveyance of real or personal property rights be in writing).

. As Turenne notes, Montgomery County, like Mobile County, has a separate domestic-relations division on the authority of Act No. 250, Ala. Acts 1959, as amended. 884 So.2d at 848-49.

. Similarly, although Deborah correctly notes that a testamentary disposition of property forming a component of a divorce judgment is enforceable, see Hudson v. Hudson, 701 So.2d 13, 15-16 (Ala.Civ.App.1997), she cites no authority for the proposition that a divorcing party may be compelled to adhere to an agreement to will property at issue in the divorce action only by an affirmative requirement contained in such a judgment.