THOMPSON, Presiding Judge.
Double B Country Store, LLC (“Double B”), appeals from the dismissal of its complaint against the Alabama Department of Transportation (“ADOT”) by the Montgomery Circuit Court (“the trial court”).
On July 3, 2013, a representative of ADOT arrived at the store operated by Double B (“the store”) and stated that ADOT had received complaints that vehicles parked at the store were blocking a right-of-way owned by the state. According to Deborah E. Beck, the sole owner of Double B, the conversation between Beck and the ADOT representative became “loud and heated before the representative left the store.” Approximately one week later, ADOT representatives returned to the store and indicated that they would again return as soon as possible to begin marking off the right-of-way and placing “No Parking” signs in the marked areas. That same day, Double B retained legal counsel because of its “extreme concerns about the impact of the proposal on its flow of vehicles ... in and out of its business.”
*30 On July 15, 2013, ADOT representatives arrived at the store and began marking off the right-of-way; they completed the work on July 16, 2013. On July 17, 2013, Double B filed in the trial court a complaint naming ADOT as the defendant and seeking a preliminary injunction and a judgment declaring that ADOT marked the right-of-way in an “arbitrary and capricious” manner that interfered with Double B’s business.
On July 25, 2013, ADOT filed a motion requesting that the trial court dismiss Double B’s complaint on the ground that ADOT was entitled to immunity from suit under Ala. Const.1901, Art. I, § 14. On July 29, 2013, Double B attempted to amend its complaint, naming as defendants ADOT and John R. Cooper, the director of ADOT, along with fictitiously named defendants. Substantively, Double B’s amended complaint was nearly identical to its original complaint, with the only exception being that Double B added an allegation that ADOT and Cooper had acted in bad faith.
On July 31, 2013, ADOT filed a motion to dismiss Double B’s amended complaint. ADOT argued that, given ADOT’s immunity, Double B’s original complaint failed to invoke the trial court’s subject-matter jurisdiction, and, as a result, ADOT claimed that-Double B could not amend a complaint over which the trial court had not yet obtained jurisdiction.
At a hearing held on November 21, 2013, the parties informed the trial court that they were involved in settlement negotiations. The trial court scheduled a status conference for January 13, 2014. At the January 13, 2014, conference, the parties again informed the trial court of a potential settlement. However, after settlement negotiations proved to be unsuccessful, ADOT filed a March 14, 2014, motion requesting that the trial court schedule a hearing on ADOT’s motions to dismiss.
On March 27, 2014, Double B filed a response to ADOT’s motion to dismiss the amended complaint. In support of its response, Double B argued that our supreme court has provided exceptions to sovereign immunity, including an exception for a plaintiff seeking injunctive relief against a state official when the plaintiff alleges that the state official, in a representative capacity, has acted in bad faith. Thus, Double B argued that, because “the actions of ADOT, as alleged by [Double B], are actions that were exercised arbitrarily, capriciously[,] and in bad faith,” ADOT was not entitled to sovereign immunity.
On April 7, 2014, ADOT and Cooper filed a reply to Double B’s response to ADOT’s motion to dismiss. In that reply, ADOT and Cooper argued that the bad-faith exception to sovereign immunity applies only to actions against state officials, not to actions against a state agency, and reiterated their argument that an amendment of a complaint that had failed to invoke the trial court’s subject-matter jurisdiction was a nullity. On May 13, 2014, the trial court heard oral arguments from the parties, after which it entered a judgment dismissing the case without prejudice.[1] Double B appealed.
*31 On appeal, Double B argues that justice required the trial court to take one of two actions: (1) to allow Double B to amend its complaint or (2) to dismiss ADOT as a defendant and allow Double B to proceed against Cooper. Double B also argues that its action against Cooper was proper because it sought injunctive relief against Cooper for Cooper’s “arbitrary and capricious” acts committed in his official capacity.
“A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”
Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003).
Article I, § 14, of the Alabama Constitution of 1901, states “[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.” “This absolute immunity extends to arms or agencies of the state.” Ex parte Tuscaloosa Cnty., 796 So.2d 1100, 1103 (Ala. 2000). Because ADOT is an agency of the state, the absolute immunity accorded the State of Alabama applies equally to ADOT. A complaint that names only a party that has absolute immunity fails to triggér the subject-matter jurisdiction of a trial court and is a nullity, and “[t]he purported amendment of a nullity is also a nullity.” Alabama Dep’t of Corr. v. Montgomery Cnty. Comm’n, 11 So.3d 189, 193 (Ala. 2008). Thus, if a complaint fails to invoke the subject-matter jurisdiction of a trial court, the trial court “has no power to take any action other than to dismiss the complaint.” Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 26 (Ala.2007).
Our supreme court faced a similar set of circumstances in Ex parte Alabama Department of Transportation, 6 So.3d 1126 (Ala.2008) (“Russell”). In Russell, Russell Petroleum, Inc., sued ADOT, and ADOT moved to dismiss the action on the ground of sovereign immunity. Russell Petroleum then filed a motion seeking to substitute or add D.J. Mclnnes, then the director of ADOT, as a defendant in the case. Thereafter, ADOT and Mclnnes filed a joint motion to dismiss the case on the ground that the court did not have subject-matter jurisdiction. The trial court denied the motion to dismiss, and ADOT sought mandamus relief in the Alabama Supreme Court. Our supreme court held “that the trial court lacked subject-matter jurisdiction to entertain an amendment to the original complaint, which was filed solely against ADOT. Because the trial court does not have — and has never had — subject-matter jurisdiction over this action, it must be dismissed.” Id. at 1128. Similar to the complaint in Russell, Double B’s original complaint named only ADOT as a defendant. Therefore, the complaint failed to invoke the trial court’s subject-matter jurisdiction, and the trial court lacked the power to entertain Double B’s amended complaint. Thus, on the authority of Russell, we hold that the trial court’s *32 dismissal of Double B’s complaint was proper.
Despite the cases cited above, Double B offers Liberty National Life Ins. Co. v. University of Alabama Health Services Foundation, P.C., 881 So.2d 1013 (Ala. 2003), in support of its argument that the trial court could have dismissed ADOT as a defendant and allowed Double B to proceed with its action against Cooper. However, Liberty National is distinguishable from the case at hand. In Liberty National, the supreme court held that the fact that Liberty National Life Insurance Company’s complaint named a defendant that was entitled to immunity, namely, “University of Alabama at Birmingham Hospital” (“UAB Hospital”), was not fatal to Liberty National’s cause of action because the complaint named additional defendants that were not entitled to immunity. Unlike Double B, Liberty National did not name a defendant entitled to immunity as the sole defendant and then later attempt to add additional defendants in an effort to invoke the trial court’s subject-matter jurisdiction. Thus, Liberty National was allowed to proceed against the other named defendants after UAB Hospital’s dismissal.[2]
Double B argues that it would be unreasonable to require it to institute a new action against Cooper. Although Double B asserts that requiring it to institute a new action would be unreasonable, that is the only course available to Double B if it wants to proceed with its claims. Alabama law requires that Double B file a complaint naming a defendant that will invoke the trial court’s subject-matter jurisdiction, and Double B has, as of yet, failed to do so.
For the reasons set forth in this opinion, the judgment of the trial court is affirmed. Because we affirm the trial court’s dismissal of Double B’s complaint, we preter-mit discussion of Double B’s remaining issues.
AFFIRMED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Although the judgment does not state that the case was dismissed without prejudice, the State Judicial Information System case-action-summary sheet indicates that the dismissal was without prejudice. We note that, under the holding in Palughi v. Dow, 659 So.2d 112 (Ala.1995), an action dismissed without prejudice will not support an appeal because there is no judgment "that conclusively determines the issues before the court and ascertains and declares the rights of the parties.” Id. at 113. However, we distinguished Palughi in Hutchinson v. Miller, 962 So.2d 884 (Ala.Civ.4pp.2007), and held that a judgment dismissing an action on the basis of a lack of subject-matter jurisdiction would *31 support an appeal because the issue before the court, i.e., the court’s power to entertain the action, had been conclusively determined. Thus, because the trial court's lack of subject-matter jurisdiction on the basis of ADOT’s immunity has been determined by the trial court, the trial court’s judgment, although it is a dismissal without prejudice, is final for purposes of appeal.

. The defendants in Liberty National argued other grounds, in addition to lack of subject-matter jurisdiction, for dismissal of Liberty National's complaint. However, for purposes of determining the issue in this case, we discuss only the pertinent holding in Liberty National — i.e., that the fact that Liberty National named a defendant entitled to immunity in its complaint did not warrant a dismissal of the entire cause of action because the complaint, by naming as defendants other entities that were not immune from suit, effectively invoked the court's subject-matter jurisdiction.