BRYAN, Justice.
*642 Lamar Ragland appeals the dismissal of his bad-faith claim against State Farm Mutual Automobile Insurance Company. For the reasons set forth herein, we dismiss the appeal.
Procedural History
On July 21, 2016, Ragland filed a complaint in the Etowah Circuit Court ("the circuit court") seeking punitive damages from State Farm based on State Farm's alleged bad-faith failure to pay and related failure to subject his claim for underinsured-motorist ("UIM") benefits to a cognitive review. In his complaint, Ragland alleged that he had an automobile-liability policy with State Farm that included UIM benefits; that he had been injured in an automobile accident in January 2012 that was caused by Joshua Clayton Baker's negligence and wantonness; that he had incurred damages "in a determinable amount"; that Ragland had "settled his claim with [Baker], who paid close to policy limits"; that Baker was underinsured; that Ragland was entitled to UIM benefits from State Farm "in the same amount that [Ragland] would be entitled to from [Baker]"; that counsel for State Farm had admitted in a telephone conversation on July 21, 2014, that coverage existed; and that, after almost two years, State Farm had not paid any UIM benefits and had not offered a reasonable amount to settle the claim.
On August 25, 2016, State Farm filed a motion to dismiss Ragland's complaint without prejudice, pursuant to Rule 12(b)(1) and 12(b)(6), Ala. R. Civ. P.; it further alleged that the complaint was due to be dismissed based on the doctrine of collateral estoppel. State Farm alleged that Ragland had filed a separate civil action in the circuit court on May 30, 2014, which was assigned case no. CV-2014-9000484 ("Ragland I"); that Ragland's complaint in Ragland I contained one count against State Farm seeking to recover UIM benefits from State Farm resulting from the January 2012 automobile accident involving Baker, an allegedly underinsured motorist; that Ragland sought an undetermined and unliquidated amount of damages in that action and a judgment against State Farm up to the limits of his policy with State Farm; that Ragland had filed an amended complaint in Ragland I on April 8, 2016, reasserting his claim for UIM benefits and had added a bad-faith claim against State Farm for refusing to pay the same UIM benefits that were at issue and were sought to be determined in that case; that State Farm had filed a motion to dismiss the amended complaint in Ragland I as "procedurally improper, or, in the alternative, to dismiss the amended complaint without prejudice for lack of subject-matter jurisdiction"; that the circuit court had dismissed the newly asserted bad-faith claim in the amended complaint in Ragland I without prejudice on May 4, 2016, leaving in place the original complaint; and that a trial in Ragland I on Ragland's claim for UIM benefits was still pending.
State Farm argued that Ragland had refiled on July 21, 2016, as a separate action, the same bad-faith claim against State Farm the circuit court had dismissed on May 4, 2016, in Ragland I. State Farm argued that the complaint Ragland filed on July 21, 2016, was due to be dismissed for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim upon which relief could be granted, because, it said, the bad-faith claim was premature in light of the fact that there had been no determination of liability on the *643 part of the allegedly underinsured motorist. Thus, it argued, because there had been no determination that Ragland was legally entitled to UIM benefits from State Farm, Ragland could not maintain a bad-faith claim against State Farm. See generally LeFevre v. Westberry, 590 So.2d 154, 158 (Ala. 1991) (" '[T]here can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover.' " (quoting Quick v. State Farm Mut. Auto. Ins. Co., 429 So.2d 1033, 1035 (Ala. 1983) )).
Ragland's complaint filed on July 21, 2016, which was assigned case number CV-2016-900523, was transferred to the same circuit judge to whom Ragland I had been assigned, and the two actions were consolidated. After conducting a hearing, the circuit court, on October 5, 2016, entered an order dismissing, without prejudice, Ragland's complaint filed in case no. CV-2016-900523 without citing its reasons for doing so. Ragland timely appealed. Ragland's claim for UIM benefits is still pending in the circuit court.
On February 22, 2017, the clerk of the Supreme Court entered an order remanding this case to the circuit court for a determination as to whether an order pursuant to Rule 54(b), Ala. R. Civ. P., would be proper in light of this Court's decision in Hanner v. Metro Bank & Protective Life Insurance Co., 952 So.2d 1056, 1059 (Ala. 2006), which held that a judgment disposing of fewer than all aspects of a consolidated action is not final and appealable. On remand, the circuit court entered an order pursuant to Rule 54(b) certifying the October 5, 2016, order as a final judgment.
Analysis
State Farm moved this Court to dismiss Ragland's appeal as being from a nonfinal judgment. State Farm argued that the October 5, 2016, order dismissing Ragland's complaint without prejudice was not a final judgment that could support an appeal and, alternatively, that a Rule 54(b) certification of the order was improper.[1] Generally speaking, an order dismissing a claim without prejudice will not support an appeal. See Palughi v. Dow, 659 So.2d 112, 113 (Ala. 1995) (holding that an order dismissing a complaint without prejudice was not a final judgment that would support an appeal).[2] However, "exceptions" to that rule have been recognized. See, e.g., Hutchinson v. Miller, 962 So.2d 884 (Ala. Civ. App. 2007) (concluding that an action dismissed without prejudice based on the lack of subject-matter jurisdiction "conclusively determined the issues before the court" and was sufficient to support an appeal); and *644 Double B Country Store, LLC v. Alabama Dep't of Transp., 171 So.3d 28, 30-31 n. 1 (Ala. Civ. App. 2015) (concluding that an order dismissing the plaintiff's action without prejudice based on the lack of subject-matter jurisdiction was sufficient to support an appeal because the trial court conclusively determined that it did not have power to entertain the plaintiff's action).
In the present case, unlike in Hutchinson and Double B where the trial courts conclusively determined the issue of those courts' subject-matter jurisdiction to hear the plaintiffs' actions, the circuit court in the present case did not conclusively determine that Ragland could not bring his bad-faith claim in the circuit court. Indeed, both Ragland and State Farm agree that Ragland's bad-faith claim against State Farm may be brought in the circuit court-the parties simply disagree on the proper time to bring that claim. However, we need not decide whether the circuit court's order dismissing Ragland's bad-faith claim without prejudice had the requisite elements of finality to support an appeal because, even if we assume that it did, we agree that the October 5, 2016, order was improperly certified as a final judgment pursuant to Rule 54(b).
In Hanner v. Metro Bank & Protective Life Insurance Co., supra, this Court held that "a trial court must certify a judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., before a judgment on fewer than all the claims in a consolidated action can be appealed." 952 So.2d at 1061. In the present case, Ragland's bad-faith claim was consolidated with Ragland's pending UIM claim, but the circuit court "disposed of," at least for the time being, only Ragland's bad-faith claim. Thus, without an order certifying the October 5, 2016, order as final pursuant to Rule 54(b), Ragland's appeal would have been dismissed. Hanner, 952 So.2d at 1062. Consistent with the procedure discussed in Hanner, we remanded the case " 'to the trial court for a determination as to whether it chooses to certify the order as final, pursuant to Rule 54(b), and, if it so chooses, to enter such an order and to supplement the record to reflect that certification.' " 952 So.2d at 1061-62 (quoting Foster v. Greer & Sons, Inc., 446 So.2d 605, 609 (Ala. 1984) ). As noted above, the circuit court certified its October 5, 2016, order as final pursuant to Rule 54(b).
Rule 54(b) provides:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
Assuming that the circuit court's October 5, 2016, order is eligible for consideration as a final judgment that would support an appeal in its own right, we must still consider "whether the trial court exceeded its discretion in determining that there was no just reason for delay in the entry of the judgment." Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1265 (Ala. 2010). State Farm argues that the circuit court exceeded its discretion in entering a Rule 54(b) certification of the October 5, 2016, order because, it says, the dismissal of Ragland's bad-faith claim is "inextricably intertwined" with Ragland's still pending UIM claim against State Farm. See Meeks v. Morrow, 151 So.3d 1069, 1074 (Ala. 2014) (" '[A] Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court " 'are so closely intertwined that separate adjudication would pose an unreasonable risk of *645 inconsistent results.' " ' " (quoting Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala. 2006) )). Additionally, State Farm contends that the Rule 54(b) certification was improper because the question whether the circuit court properly dismissed Ragland's bad-faith claim could become moot depending on the outcome of the still pending UIM claim.
In Lighting Fair, supra, the trial court entered an order disposing of fewer than all the claims pending and certified the adjudication of those claims as final pursuant to Rule 54(b). On appeal, this Court noted the possibility that the claims and issues before the Court on appeal could be rendered moot by the adjudication of the claims that remained pending in the trial court. The Court then noted:
"[T]he United States Courts of Appeals for the Seventh and First Circuits have specifically considered mootness in determining whether there is no just reason for delay in the entry of a judgment under Rule 54(b), Fed. R. Civ. P. See, e.g., Lottie v. West American Ins. Co., 408 F.3d 935, 940 (7th Cir. 2005) ('[W]e might never have to consider at all the bad faith and race discrimination claims if the contract claim is resolved in favor of West American. There would be no reason to consider whether the insurer's breach was so egregious that it amounted to bad faith if there was no breach. Likewise, there would be no reason to consider whether West American breached the contract on account of race if West American did not in fact breach the contract.'); Horn v. Transcon Lines, Inc., 898 F.2d 589, 592 (7th Cir. 1990) ('The possibility that developments in the litigation may moot a claim suggests that appellate resolution be deferred.'); Spiegel v. Trustees of Tufts College, 843 F.2d 38, 44-45 (1st Cir. 1988) ('Should Spiegel prevail on Count IV-and we intimate no view of the matter-she might well have her tenure, her monetary balm, and payment for her litigation expenses. The first three statements of claim would be largely (if not entirely) mooted and the need for appellate review would vanish. Appellate courts, understandably, have treated such a possibility as a major negative in the Rule 54(b) equation.')."
Lighting Fair, 63 So.3d at 1264-65. The Court in Lighting Fair concluded that the trial court exceeded its discretion in finding that there was no just reason for delay in certifying as final any claim that could be rendered moot upon final adjudication of the claims still pending in the trial court. Thus, the appeal challenging the judgment on those claims was dismissed as one taken from a nonfinal judgment.
In the present case, it was undisputed below that the viability of Ragland's bad-faith claim was entirely dependent on the success of his still pending UIM claim. At the hearing on State Farm's motion to dismiss, counsel for Ragland stated: "If we lose our U[I]M case, we'll gladly dismiss the bad faith case. So I acknowledge you can't have bad faith if you don't have a contract claim." Ragland's counsel is correct. In order to prevail on a bad-faith claim against an insurance company, a plaintiff must prove, among other things, the existence of "an insurance contract between the parties and a breach thereof by the defendant." National Sec. Fire & Cas. Co. v. Bowen, 417 So.2d 179, 183 (Ala. 1982). See also State Farm Fire & Cas. Co. v. Slade, 747 So.2d 293, 318 (Ala. 1999) (holding that Alabama law "limit[ed] bad-faith liability to those cases in which the insured is entitled to benefits under the policy"). Ragland's claim for UIM benefits under his policy with State Farm is still pending, and this Court is not privy to any information from that case regarding the basis for State Farm's challenge to Ragland's *646 claim that he is entitled to UIM benefits pursuant to his insurance contract with State Farm. However, it is undisputed that, in the event that Ragland is not successful in his bid to recover UIM benefits from State Farm in that pending action, Ragland cannot bring a bad-faith claim against State Farm, either for failing to pay benefits under the contract or for failing to subject his claim to a cognitive evaluation or review. See Bowen and Slade, supra. Because it is undisputed that Ragland's bad-faith claim could be rendered moot if State Farm prevails in the pending UIM case between the parties, we conclude that the circuit court exceeded its discretion in concluding that there was no just reason for delay in the entry of a final judgment and by certifying its October 5, 2016, order as final pursuant to Rule 54(b). Accordingly, Ragland's appeal is due to be dismissed as taken from a nonfinal judgment. See Lighting Fair, supra.
Conclusion
The appeal is dismissed as being from a nonfinal judgment.
APPEAL DISMISSED.
Bolin, Parker, and Main, JJ., concur.
Murdock, J., concurs in the result.

If an order does not have the requisite elements of finality in its own right, notwithstanding the fact that additional claims remain pending in the trial court, a Rule 54(b) certification, in and of itself, will not make the order final and appealable. See, e.g., Haynes v. Alfa Fin. Corp., 730 So.2d 178, 181 (Ala. 1999) ("[F]or a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party.").

In Palughi, the Court stated:
"This Court has held that the words 'without prejudice,' when used in an order, 'mean that there is no decision of the controversy on its merits, and [that an order containing those words] leaves the whole subject in litigation as much open to another suit as if no suit had ever been brought.' Vacalis v. Lowry, 279 Ala. 264, 267, 184 So.2d 345, 347-48 (1966) ; see, also, Taylor v. Major Finance Co., 289 Ala. 458, 268 So.2d 738 (1972). An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties. Rule 54(b), A[la]. R. Civ. P...."
659 So.2d at 113.