SHAW, Justice (dissenting).
I respectfully dissent. The material facts in this case are related above in Justice Parker's dissenting opinion; there is no need for me to repeat them all here. My reasons for dissenting are as follows.
It appears to me that the motion to dismiss filed by Valerie A. Richardson, in her capacity as president of Bishop State Community College ("BSCC"), for lack of subject-matter jurisdiction advanced, under Rule 12(b)(1), Ala. R. Civ. P., a "facial" challenge to Jason S. Corley's complaint.
" 'Facial challenges, such as motions to dismiss for lack of standing at the pleading stage, "attack[ ] the factual allegations of the complaint that are contained on the face of the complaint." Al-Owhali [v. Ashcroft], 279 F.Supp.2d [13,] 20 [ (D.D.C. 2003) ] (internal quotation marks and citation omitted). "If a defendant mounts a 'facial' challenge to the legal sufficiency of the plaintiff's jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party." Erby [v. United States,] 424 F.Supp.2d [180,] 181 [ (D.D.C. 2006) ] ; see also *821 I.T. Consultants [v. Pakistan], 351 F.3d [1184,] 1188 [ (D.C. Cir. 2003) ]. The court may look beyond the allegations contained in the complaint to decide a facial challenge, "as long as it still accepts the factual allegations in the complaint as true." Abu Ali [v. Gonzales,] 387 F.Supp.2d [16,] 18 [ (D.D.C. 2005) ] ; see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253-54 (D.C. Cir. 2005) ("At the pleading stage .... [w]hile the district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction, the court must still accept all of the factual allegations in the complaint as true." (internal citations and quotation marks omitted)).' "
Ex parte Safeway Ins. Co. of Alabama, 990 So.2d 344, 349 (Ala. 2008) (quoting Lindsey v. United States, 448 F.Supp.2d 37, 43 (D.D.C. 2006) ). We review the trial court's application of this standard and the resulting judgment "de novo," that is, with no presumption of correctness. See Hill v. Hill, 89 So.3d 116, 117-18 (Ala. Civ. App. 2010).
The complaint alleges that Corley's "employment agreement" with BSCC provided that he would be placed at "Level I/B" on the salary schedule, that he was "to complete his associate degree within one year of his employment date," and that, as "soon as he completed the associate degree, he would be moved to Level I/A." Corley alleged that he completed his associate degree and that, on August 9, 2000, he notified his employer of that fact and that "he should be moved to Level I/A on the Salary Schedule." However, his salary, he claims, was not adjusted until October 1, 2015. Corley alleged that his "placement at Level I/A should have been made in 2000 following the completion of his associate degree" and that the failure to adjust his salary "was in breach of his employment agreement with [BSCC] and has resulted in [Corley] not being appropriately compensated."
In the Rule 12(b)(1) motion to dismiss, Richardson assumed that Corley's employment agreement included the automatic salary adjustment alleged in the complaint. In his reply to the motion to dismiss, Corley noted that the allegations in his complaint must be accepted as true and argued that immunity under Ala. Const. 1901, Art. I, § 14, does not apply in this case under a very narrow "exception" to that immunity. That narrow "exception" was recently discussed in Woodfin v. Bender, 238 So.3d 24(Ala. 2017) :[4] mandamus relief is available to order a State official to perform a ministerial act. In my special writing in Woodfin, I noted:
" 'In limited circumstances the writ of mandamus will lie to require action of state officials. This is true where discretion is exhausted and that which remains to be done is a ministerial act.' McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944 (Ala. 1979). Under Alabama Department ofTransportation v. Harbert International, Inc., 990 So.2d 831 (Ala. 2008), and the numerous cases cited in it, ... when a plaintiff seeks payment of money from the State, the 'limited circumstances' in which a writ will lie to compel payment depends on whether the amount sought is 'certain' and the State's obligation to pay is 'undisputed.' If there is doubt as to those, the analysis ends and § 14 bars the action."
238 So.3d at 34 (Shaw, J., concurring in the result).[5]
*822 Under the test provided in Safeway, supra, a court must accept as true the allegations in the complaint and consider the factual allegations in the complaint in the light most favorable to Corley. The complaint sought by writ of mandamus a payment of money Corley says he was owed. It must be accepted as true that there was an employment agreement providing for the automatic pay raise (Richardson does not dispute this), that the agreement was not honored, and that Corley was owed the money. Thus, the State's obligation to pay, for purposes of the complaint and motion to dismiss, appears "undisputed." A court cannot infer from the fact that Corley was not paid that a dispute existed; that would be an inference in favor of the nonmovant forbidden by the standard set forth in Safeway.
Further, considering the allegations in the light most favorable to Corley, the amount sought was "certain": it was the difference between what he should have started to receive when he completed his associate degree and what he actually received up until the point his salary was corrected.
At this point in the proceedings, there is nothing to suggest, like in Woodfin, that the amount sought is "uncertain" or that the State's obligation to pay is "disputed":
"In the instant case, the parties dispute the proper interpretation of the new salary schedule at issue. In McDowell-Purcell, we held that a writ of mandamus will not lie to compel a State official 'to exercise his discretion and apply the ascertained facts or existing conditions under [a] contract so as to approve payment to [a plaintiff] according to [the plaintiff's] interpretation of the contract rather than his.' 370 So.2d at 944. Here, the Board members have not exhausted their discretion, and they cannot be compelled to accept the plaintiffs' interpretation of the salary schedule. A suit against the State, i.e., the Board members in their official capacities, is untenable in this case."
Woodfin, 238 So.3d at 34 (Shaw, J., concurring in the result).
It might very well be that Richardson can produce evidence showing that State officials, in failing to initially adjust Corley's salary, had not exhausted their discretion, that the amount owed was uncertain, or that the obligation to pay was disputed, all of which would trigger § 14 immunity and bar a petition for a writ of mandamus. However, such issues are premature at this stage of the proceedings: this Court is called upon here to determine only if the complaint, when the allegations asserted therein are taken as true, established that the trial court had jurisdiction. The complaint appears to meet the minimal requirements to do so. I thus believe that the trial court's dismissal is due to be reversed, not affirmed; I therefore respectfully dissent.

Corley did not cite Woodfin, which was decided after the briefs in this case were filed, but the caselaw and legal theories applicable in this case are discussed in Woodfin.

This is only a brief explanation of the principles involved; a more thorough discussion is found in Woodfin.